**The Bronx Defenders** — **Redefining public defense.**

November 10, 2022

<u>**VIA ECF**</u>

Hon. John P. Cronan
United States District Judge
500 Pearl Street, Courtroom 12D
New York, NY 10007

      Re:    *M.P. v. Joyce*, No. 1:22-cv-09581-JPC

Dear Judge Cronan,

We represent Petitioner M.P. in his petition for a writ of habeas corpus filed on November 9, 2022, and currently pending before this Court. We respectfully move the Court to grant leave to file two additional exhibits in support of the petition under seal: Exhibit F, a psychological evaluation of M.P; and Exhibit G, an affidavit by Allen Keller, M.D., Associate Professor of Medicine at the New York University Grossman School of Medicine. Respondents consent to this motion.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it, including the "privacy interests of those resisting disclosure." *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

There is good cause to grant leave to file this exhibit under seal. Exhibit F, the psychological evaluation, contains twenty-two pages of highly sensitive personal and medical information in narrative form about M.P. from Gonzalo Vazquez-Casals, a clinical and forensic neuropsychologist. The evaluation also includes M.P.'s mental health diagnoses and treatment recommendations. Exhibit G, the affidavit from Dr. Keller, similarly contains pages of detailed medical information, including information from M.P.'s medical records, details about his suicide attempt, and recommendations for treatment. This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (May 2, 2022 Edition); *United States v. Martoma*, No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information). While the habeas petition itself discloses the nature of the medical diagnoses and a general summary of symptoms and manifestations of these diagnoses, these evaluations cover in detail the personal and medical information relevant to his psychological assessment and ultimate diagnoses, such that the exhibits should be filed under seal and shielded from public view.

Both exhibits also include a narrative description of information related to M.P.'s withholding of removal claim, which could expose him to further persecution in the future should he be removed. Immigration regulations also support the view that information related to asylum and withholding claims should be protected from public disclosure. *See* 8 CFR § 208.6; *see also Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *2-3 (N.D. Cal. Nov. 6, 2018).

Although the presumption of public access to information is strong, the highly sensitive and personal nature of the information outweighs that presumption in this case. Petitioner M.P. respectfully requests that the Court grant leave to file the aforementioned exhibits under seal.

Thank you for your consideration of this submission.

Respectfully submitted,

*/s/ Kshithij Shrinath*
Kshithij Shrinath
Zoe Levine
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York, 10451

The request is granted. Petitioner may file both exhibits under seal.

SO ORDERED.
Date: November 22, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2